Argued February 4, reversed May 13, 1964

# HILLSBORO RURAL FIRE DISTRICT *v.*
# WASHINGTON COUNTY

392 P. 2d 253

*Richard Smurthwaite,* Deputy District Attorney, Hillsboro, argued the cause for appellant. With him

on the brief was Francis W. Linklater, District Attorney, Hillsboro.

*Mervin W. Brink,* Hillsboro, argued the cause and submitted the brief for respondent.

Before McAllister, Chief Justice, and Rossman, Goodwin, Denecke and Lusk, Justices.

ROSSMAN, J.

This is an appeal by the defendant, Washington County, Oregon, from an order overruling a demurrer and the entry of a default judgment in favor of plaintiff. The amended complaint states:

"* * * the plaintiff was and is a duly organized and existing fire protection district in Washington County, Oregon

\* \* \*

"That on the 8th day of September and to and including the 11th day of September, at the special instance and request of the defendant, plaintiff performed certain services and furnished material and labor for the purpose of confining a fire to the premises owned by Washington County and commonly called the Washington County dump, which property is contiguous to and surrounded by the area known as Hillsboro Rural Fire Protection District.

"That pursuant to said request, the plaintiff furnished fire trucks on fifteen occasions, the reasonable value of which is Twenty-five ($25) Dollars per call, or a total of Three Hundred Seventy Five ($375) Dollars, and provided 453 1/4 man hours of labor, the reasonable value of which is $2.00 per man hour, or a total of $906.50.

"That though often demanded, the defendant has failed and refused to pay for said services, or any part thereof, and there is now due and owing to the plaintiff the sum of Twelve Hundred Eighty-One and 50/100—($1281.50) DOLLARS, together

with interest thereon at the rate of 6% per annum from the 15th day of October, 1960, until paid."

The challenged judgment awarded the amount prayed for. Appellant (defendant) assigns as the sole error the overruling of the demurrer and the granting of the judgment. The defendant asserts that the demurrer should have been sustained on any of four grounds, which can be summarized as follows: (1) the plaintiff has no authority to charge for services performed on land solely within its geographical boundaries, (2) the plaintiff must look solely to taxation for recompense for services performed on land within its boundaries, (3) defendant is immune from suit, and (4) defendant cannot be held on an implied contract.

ORS 478.310 provides:

"Whenever a fire occurs without the limits of a rural fire protection district or of an incorporated city and help is asked of the rural fire protection district or incorporated city, the fire fighting apparatus and force of the latter may, whether with or without a contract so to do, respond and be used for extinguishing the fire in the other unprotected or inadequately protected district or territory; provided the fire district, or incorporated city so responding shall be paid the contract or reasonable value for use and the repairs and depreciation upon the apparatus and equipment so used and such other expenses as are reasonably incurred in furnishing the fire fighting service. Such services on the part of a rural fire protection district or incorporated city shall be deemed for all purposes to be within the governmental capacity of the rural fire protection district or incorporated city."

According to the complaint, which constitutes our only access to the facts, the county dump where the fire occurred "is contiguous to and surrounded by the area known as Hillsboro Rural Fire Protection Dis-

trict." This locates the county dump within the exterior geographical boundaries of the plaintiff district. Plaintiff, however, asserts that since the county property is exempt from taxation or assessment it cannot be included as protected property within the limits of the fire protection district and consequently can be charged for the services rendered as authorized by ORS 478.310.

Fire protection is a governmental service that is a general benefit to all property owners within the jurisdictional limits of the district. This facility is financed by a general tax on the property within the district and not by a special assessment based on direct measurable benefit traceable to a particular piece of property. The cost of governmental services that tax-exempt property receives is born by the general tax. This tax exemption does not bear with it an exemption from governmental services. To require tax-exempt property to pay direct charges for governmental services received would render the tax exemption a nullity. In many instances the charges might exceed the tax the property owner would pay but for the exemption.

There is nothing in the statute relating to creation of rural fire protection districts excluding county property from the district on the basis of tax exemption. Certain specific property that is under a fire protection plan of another origin is excluded. We see no basis for excluding county property located within the boundaries of the district solely for the reason the property is tax exempt. The plaintiff has no statutory authority to charge the county for the services performed in controlling the fire. The demurrer should have been sustained.

The judgment of the circuit court is reversed.